UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 05-20165-C-7
                                      )
DEBRA DERRICK-MCDOUGALD,              ) Adversary No. 05-2131
                                      )
                Debtor(s).            )
_____)
                                      )
RICHARD MCDOUGALD,                    )
                                      )
                Plaintiff(s),         )
                                      )
v.                                    )
                                      )
DEBRA DERRICK-MCDOUGALD,              )
                                      )
                Defendant(s).         )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This is an adversary proceeding seeking to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(15).

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding relating to the dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I).

Trial was held on July 13, 2005. Both parties appeared by telephone and stipulated that evidence could be taken by telephonic testimony, the exhibits having been previously submitted to the court.

<u>FINDINGS OF FACT</u>

The debt in question is the so-called equalizing money award in the amount of $19,839 made in favor of Richard McDougald by the Circuit Court of the State of Oregon for the County of Linn in the



case entitled <u>In the Matter of the Marriage of Richard L. McDougald, Petitioner, and Debra L. McDougald, Respondent</u>, Case No. 02 2954.

In that action, the court made the equalizing money award as part of its General Judgment of Dissolution of Marriage that was filed October 7, 2004. The court made its findings on August 31, 2004.

The state court rejected the position of Debra Derrick-McDougald that she must remain home full time to care for the parties two high-functioning autistic twin children and concluded that she is capable of working in the job force.

The state court took into account the need for additional care and constant supervision of the children, who were then 13 years old and are now 14 years old and dealt with that as a factor in determining child support.

The state court took into account the fact that Mrs. McDougald had remained out of the work force without job skills for more than twenty years and concluded that spousal support was needed to enable her to attain education or training to allow her to reenter the job market. It determined that, under all the circumstances, the amount of money that was just and equitable would be $400 per month for thirty-six months offset by $150 per month against the equalizing property award that was awarded to the plaintiff herein. Hence, the net spousal support payment required to be made was $250 per month. At the end of the thirty-six months, the state court order provides that the unpaid balance shall accrue interest at a rate of 9 percent per annum until paid in full.

The record indicates that Richard McDougald has paid all

1  required payments under the Oregon State Court order.

2  Debtor filed the bankruptcy case on January 6, 2005. She
3  contends that her equalizing money payment debt was discharged and
4  that it is no longer permissible for $150 per month to be offset in
5  accordance with the October 7, 2004, order of the Oregon State
6  Court.

7  This timely adversary proceeding was instituted to resolve
8  that question.

## CONCLUSIONS OF LAW

11  The governing statute is 11 U.S.C. § 523(a)(15), which
12  provides that a discharge in a chapter 7 case does not discharge an
13  individual debtor from any debt that is not child or spousal
14  support or alimony but that is incurred by the debtor in the course
15  of a divorce or separation or in connection with a divorce decree
16  made in accordance with state law unless the debtor does not have
17  the ability to pay such debt or discharging such debt would result
18  in a benefit to the debtor that outweighs the detrimental
19  consequence to the debtor spouse.  11 U.S.C. § 523(a)(15).

20  The two defenses of inability to pay versus benefit-detriment
21  balance are affirmative defenses as to which the debtor bears the
22  burden of proof.  Samayoa v. Jodoin (In re Jodoin), 196 B.R. 845,
23  851-54 (Bankr. E.D. Cal. 1996), aff'd, 209 B.R. 132 (9th Cir. BAP
24  1997).

25  The plaintiff's prima facie case is easily established.  The
26  order of the Oregon State Court fixes the amount of the equalizing
27  money and makes it part of its Judgment.  This is all that the
28  plaintiff need demonstrate in order to make a prima facie case for

excepting the debt from discharge.

The defenses as to which the debtor has the burden of proof are inherently fact based.

The facts that have been placed before the court in the record of this trial consist primarily of the factual determinations made by the Oregon State Court on August 31, 2004, and October 7, 2004.

In addition, the debtor testified that she has recently moved to the State of Washington. Her general circumstances, however, do not appear to have changed materially in the interval since the state court made its findings in which it carefully considered the financial situation of the debtor and assessed her ability to earn income in the face of her assertion that she is unable to work because of her child care needs. While the state court's determinations in this connection are not preclusive within the concept of issue preclusion, the comparative proximity in time and the care in which the Oregon State Court considered the overall situation is evidence that this court may, and does, consider.

The court is persuaded that such evidence is persuasive with respect to the difficult question of the debtor's ability to be employed if she so chooses. Accordingly, the court is not persuaded by a preponderance of the evidence that the debtor does not have the ability to pay the remaining balance of the $19,839 money award within the time frame contemplated by § 523(a)(15), which permits the court to consider an indefinite period of time under circumstances that are more flexible and longer termed than the "disposable income" analysis of 11 U.S.C. § 1325(b). Jodoin, 196 B.R. at 854-55. Accordingly, the affirmative defense afforded by § 523(a)(15)(A) has not been established by the defendant.

- 4 -

Case 05-02131    Filed 07/14/05    Doc 10

The question then becomes whether the affirmative defense of 11 U.S.C. § 523(a)(15)(B) has been established by the debtor.

The court must consider whether discharging the equalizing money payment debt would result in a benefit to the debtor that outweighs the detrimental consequence of her debtor spouse of not being paid.

In this analysis, the court takes into account the totality of the circumstances and, like the § 523(a)(15)(A) defense, determines the matter based on the preponderance of the evidence. Jodoin, 196 B.R. at 855.

Taking the totality of the circumstances into account as they appear to exist today, this court is not persuaded by a preponderance of the evidence that the discharging of the debt would result in a benefit to the debtor that outweighs the detrimental consequence of the debtor spouse. In other words, this court agrees with the assessment of the Oregon State Court, which considered the totality of the circumstances as they existed at the time it made its determination. Subsequent events do not appear to this court to have materially altered the equation.

Accordingly, this court concludes that the debtor has not established the § 523(a)(15)(B) defense by a preponderance of the evidence.

Hence, judgment will be entered in favor of the plaintiff. The consequence of the judgment determining that the equalizing money payment is excepted from discharge is that the plaintiff continues to be entitled to offset $125 per month, pursuant to the terms of the Oregon State Court order, from spousal support until such time as the equalizing money payment debt is paid.

An appropriate judgment will issue.

Dated:    July 14, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

```
    On the date indicated below, I served a true and correct
copy(ies) of the attached document by placing said copy(ies) in a
postage paid envelope addressed to the person(s) hereinafter listed
and by depositing said envelope in the United States mail or by
placing said copy(ies) into an interoffice delivery receptacle
located in the Clerk's Office.
```

Richard McDougald
PO Box 982
Albany, OR 97321


Debra L. Derrick-McDougald
3126 177th Place, N.E.
Arlington, WA 98223

Dated: 7/15/05

DEPUTY CLERK